UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TACTICAL SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>REAL ACTION PAINTBALL, INC., et al.,<br><br>Defendants. | Case No. 14-cv-04050-MEJ<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 57 |

## I. INTRODUCTION

On October 31, 2014, Plaintiff United Tactical Systems, LLC ("UTS") filed an administrative motion to file under seal. Dkt. No. 57. The Court deferred ruling on UTS's motion (Dkt. No. 60), finding that UTS's initial declaration in support of its motion to seal was unsatisfactory to overcome the "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The Court allowed UTS four days from the date of that Order to provide additional information and to comply with Local Rule 79-5 as specified in the Court's order. Dkt. No. 60. UTS timely responded and provided additional information in its motion and supporting declaration explaining why UTS sought to seal certain documents. *See* Dkt. No. 63. The Court now addresses those specific documents below.

## II. THE EXHIBITS

**A.    Exhibits 126, 127, and 128**

Exhibits 126, 127, and 128 relate to the analysis of UTS's allegedly proprietary irritant powder, including disclosing specific ingredients and information about how UTS develops its

1    alleged products.  The Court finds that UTS has alleged sufficiently specific facts for the Court to
2    find that there are compelling reasons for sealing Exhibits 126 and 127 at this time.  *See* Dkt. No.
3    64, Declaration of Gary Gibson ("Gibson Decl.") ¶¶ 7-10 (describing UTS's alleged trade secrets
4    and competitive considerations).  The sensitive information in these documents is not easily
5    divorced from the document as a whole, and thus these exhibits are properly sealed in their
6    entirety.  However, with Exhibit 128 UTS could easily redact the sensitive information relating to
7    its ingredients while keeping the pertinent portions of the document accessible to the public.
8    There is no compelling reason for the entire exhibit to be sealed.  In light of the foregoing, the
9    Court GRANTS IN PART UTS's motion to seal and orders (1) that Exhibits 126 and 127 be
10   sealed in their entirety; and (2) that UTS re-file Exhibit 128 in the public record but redact the
11   sensitive portions of the document in conformance with the Local Rules.

**B.       Exhibits 132, 134, and 142**

Exhibits 132, 134, and 142 all relate to documents that Defendant RAP4 earlier designated as confidential.  UTS does not wish to have these documents sealed.

Under the Local Rules of this District, where a party seeks to file under seal any material designated as confidential by another party, the Submitting Party must file a motion for a sealing order.  *See* Civil L.R. 79-5(d)-(e).  "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated information is sealable."  *Id.* at 79-5(e)(1).  "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied."  *Id.* at 79-5(e)(2).

To date, the Court has not received such a declaration from RAP4.  As a result, the Court DENIES UTS's motion to seal and orders that it file Exhibits 132, 134, and 142 in the public record no earlier than 4 days and no later than 10 days from the date of this Order.  The Court may, however, "delay the public docketing of the document upon a showing of good cause[,]" by Defendants.  Civil L.R. 79-5(e)(2).

**C.     Exhibit 147**

Exhibit 147 contains the order information for irritant projectiles sold by RAP4.  It is unclear whether RAP4 at any point designated this information as confidential.  UTS does not appear to seek to seal the entire documents.  Instead, as UTS explains in its motion, it "believes that the name and address of the customers are sealable" but it "does not believe the pricing needs to be redacted as it appears that each customer received standard retail pricing."  Dkt. No. 63.

The Court agrees that customer names, addresses, and other such specifically identifying information should be sealed, but once more, this can occur by redaction.  However, because it is unclear whether RAP4 designated this information as confidential, and RAP4 has not submitted a responsive declaration to date, pursuant to Civil Local Rule 79-5(e)(2), the Court hereby DENIES IN PART UTS's motion to seal and orders that UTS file Exhibit 147in the public record— redacting the customer names, addresses, and other specifically identifying information—no earlier than 4 days, and no later than 10 days, after the date of this Order.  The Court may "delay the public docketing of the document upon a showing of good cause."  Civil L.R. 79-5(e)(2).

### III.  CONCLUSION

As described above, UTS's motion to file under seal is hereby GRANTED IN PART and DENIED IN PART.  The Court GRANTS UTS's motion as to Exhibits 126 and 127.  The Court DENIES UTS's motion WITHOUT PREJUDICE as to all other exhibits.  As to these exhibits, the Court ORDERS UTS to:

1. File a redacted version of Exhibit 128 in the public record as specified above;
2. File Exhibits 132, 134, and 142 in the public record no earlier than Friday, November 21, 2014 and no later than Wednesday, November 26, 2014; and
3. File a redacted version of Exhibit 147 in the public record no earlier than Friday, November 21, 2014 and no later than Wednesday, November 26, 2014.

**IT IS SO ORDERED.**

Dated: November 17, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3