UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TACTICAL SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL ACTION PAINTBALL, INC., et al.,<br><br>    Defendants. | Case No. 14-cv-04050-MEJ<br><br>**ORDER RE: MOTION TO SEAL**<br><br>Re: Dkt. No. 118 |

## BACKGROUND

Before the Court is Defendants' Motion to Seal "Amended Document,"[1] originally filed by Plaintiff UTS. Dkt. No. 118 ("Mot."). The Court previously granted another motion to seal by Defendants, finding good cause to seal portions of UTS's Preliminary Injunction Motion[2] (originally filed at Dkt. No. 27, now available in its redacted form at Dkt. No. 76-1). Dkt. No. 83 ("Dec. 2 Order"). The information in the Amended Document is substantially similar to the information the Court sealed in the Dec. 2 Order. Defendants thus seek an order sealing those similar portions of the Amended Document as well.

UTS opposes Defendants' Motion, arguing that Defendants have not met their burden to show compelling reasons for sealing the Amended Document, because, among other things,

---

[1] The "Amended Document" is Exhibit A to UTS's Request for Judicial Notice in support of Counter-Defendants' Motion to Dismiss. Dkt. No. 105. Exhibit A is Advanced Tactical Ordnance Systems' *Memorandum in Support of Second Amended Motion for a Preliminary Injunction (Doc. 323)*, filed July 12, 2013 in *Advanced Tactical Ordnance Systems LLC v. Real Action Paintball, Inc.* (Case No. 1:12-cv-00296-JVB-RBC (N.D. Indiana) (the "Indiana Litigation").

[2] UTS filed this document as an Ex Parte Motion for a Temporary Restraining Order; however, the Court denied UTS's request and construed this motion as a Motion for a Preliminary Injunction. *See* Dkt. No. 34. Accordingly, the Court will refer to this motion as "UTS's Preliminary Injunction Motion."

Defendants left this information unsealed in the earlier Indiana Litigation since July 12, 2013 (Dkt. No. 120, Ex. A (the Indiana Docket)), and likewise left the information unsealed in this case for approximately two months.  Apparently, Defendants made a similar motion to seal in the Indiana Litigation on January 9, 2015.  *See* Dkt. No. 120, Ex. B.[3]  UTS also asserts that Defendants themselves have submitted unsealed documents that contain similar, if not more sensitive, information than what they now seek to seal.  Finally, UTS raises two issues with the Dec. 2 Order: (1) UTS asserts the Dec. 2 Order applied the wrong standard to the motion to seal, specifically only finding "good cause" to seal, rather than "compelling reasons" to seal; and (2) UTS notes that while originally it was given the opportunity to respond to Defendants' First Motion to Seal (*see* Dkt. No. 79, UTS's Opposition to Dkt. No. 76), it did not have the opportunity to respond to Defendants' revised motion (Dkt. No. 82).  Defendants have objected to UTS's request that the Court reconsider the Dec. 2 Order (*see* Dkt. No. 121), and UTS has objected to Defendants' objection as it came in the form of a Reply brief, which is not expressly permitted by the Local Rules.  *See* Dkt. No. 122.

**DISCUSSION**

**A.      Legal Standard**

A "compelling reasons" standard applies to a motion to seal most judicial records.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record . . . bears the burden of . . . meeting the 'compelling reasons' standard").  This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents."  *Id.* (citation and internal quotation marks omitted).  To limit this common law right of access, a party seeking to seal judicial records must generally show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure."  *Id.* at 1178-79 (internal quotation marks and citations omitted).

The strong presumption of public access to judicial documents applies fully to dispositive

---

[3] The Court takes judicial notice of both the Docket text and the Defendants' motion to seal in the Indiana Litigation pursuant to Federal Rule of Evidence 201(b).

motions because the resolution of a dispute on the merits is at the heart of the interest in ensuring that the public understands the judicial process. *Id.* at 1179. The presumption does not apply in the same way to non-dispositive motions, "such that the usual presumption of the public's right of access is rebutted." *Id.* (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "Good cause" is the proper standard when parties wish to keep records attached to a non-dispositive motion under seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Simply put, records attached to dispositive motions require the court to apply the compelling reasons standard, whereas records attached to non-dispositive motions require the court to apply the "good cause" standard. *See id.* at 678-79.

Under the "compelling reasons" standard, a court must weigh "relevant factors," base its decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "Relevant factors" include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679 n.6 (citation omitted). In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179.

Under the "good cause" standard, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *See Phillips*, 307 F.3d at 1210-11.

**B.     Application to the Case at Bar**

      1.     Dec. 2 Order to Seal

The Court agrees that UTS should have been given the opportunity to respond to Defendants' revised motion to seal prior to issuing the Dec. 2 Order. *See* Civ. L.R. 7-11. Thus,

3

the Court will now sua sponte reconsider the Dec. 2 Order.  *See United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (holding that a district court may sua sponte reconsider a prior, interlocutory ruling over which it has continuing jurisdiction); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996), *as amended* (Jan. 15, 1997) ("the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment" (citation and internal marks omitted)).

The information sealed by the Dec. 2 Order relates to UTS's Preliminary Injunction Motion, a non-dispositive motion.  *See Helio, LLC v. Palm, Inc.*, 2007 WL 1063507, at *2 (N.D. Cal. Apr. 9, 2007) ("A ruling on a preliminary injunction, is not of course, a ruling on a dispositive motion. It is a preliminary assessment of the likelihood of success where there is a danger of an irreparable injury.").  However, while not a dispositive motion, the Court agrees with the line of cases that treats preliminary injunctions as dispositive motions for the purpose of sealing, because preliminary injunctions go to the merits of the case and are not merely "tangentially related" to the cause of action.  *See F.T.C. v. AMG Servs., Inc.*, 2012 WL 3562027, at *1 (D. Nev. Aug. 15, 2012) (collecting cases).  The Court thus finds that the "compelling reasons" standard applies to the information Defendants seek to seal in UTS's Preliminary Injunction Motion.

Even under the compelling reasons standards, sealing of UTS's Preliminary Injunction Motion is appropriate at this time.  The Court finds that the relevant factors under the compelling reasons standard support the conclusion that the document should remain sealed.  While the "public interest in understanding the judicial process" is paramount, here the information sealed by the Dec. 2 Order is not of great significance to UTS's Motion, nor does it play any role in the Court's Order on UTS's Motion.  *See* Dkt. No. 85 (*Order re: Plaintiff's Motion for a Preliminary Injunction*).  Thus, the public's interest in understanding the judicial process is not particularly threatened by sealing the document at this time.

Furthermore, the Court must also consider "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos*, 605 F.3d at 679 n.6.  UTS argues that Defendants have not shown that the substance of the information Defendants seek to seal amounts to a trade secret.  Importantly, one

4

of Defendants' counterclaims against UTS and related counter-defendants is that they allegedly misappropriated Defendants' trade secrets, including data quantifying sales. *See* Dkt. No. 51 (Defendants' Counterclaims), ¶¶ 47-59. However, the Court finds it unnecessary to decide this matter before both they and the Court engage in a full analysis of the law and merits related to this claim; a motion to seal is not the proper vessel to explore this issue. Nor does the compelling reasons standard require an absolute finding of infringement on trade secrets; rather, it requires only that disclosure "could result" in the improper use of the material for infringement. Based on the declarations submitted by Defendants in their earlier motion, the Court finds the information they seek to seal could be used for improper purposes if not sealed. The declarations show that this information relates to data Defendants have made at least some effort to keep secret, and its release to the public could potentially harm their business if misappropriated by competitors. This finding is in no way a forecast of the Court's future determination as to Defendants' counterclaim. Accordingly, based on the record before it, the Court finds it appropriate for UTS's Motion for Preliminary Injunction to remain sealed at this time.

2. Motion to Seal Amended Document

The Amended Document is attached to a motion to dismiss, wherein UTS challenges Defendants' counterclaim for misappropriation of trade secrets. Motions to dismiss are typically treated as dispositive. *See In re PPA Prods. Liability Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). The compelling reasons standard thus applies to sealing documents attached in support of such a motion.

Defendants submitted substantially similar motions and declarations in support of their motion to seal the Amended Document. The Court finds that the public's interest in this information is heightened, as it relates to the substance of UTS's motion to dismiss. However, its motion to dismiss, UTS does not reference the substance of what is described in those portions of the Amended Document that they now seek to seal. Thus, while the public's interest is somewhat heightened here, that interest may be outweighed when such "court files might have become a vehicle for improper purposes[.]" *Kamakana*, 447 F.3d at 1179. As described above, Defendants have submitted declarations supporting that the information could be used for improper purposes

such as infringing upon their trade secrets. Thus, without determining that the information constitutes a trade secret, the Court finds that release of the information "could result" in improper purposes, justifying compelling reasons for sealing at this time.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The Dec. 2 Order, Dkt. No. 83, is hereby STRICKEN and replaced with this Order;
2. UTS's Preliminary Injunction Motion, Dkt. No. 27, is hereby SEALED, and the redacted version of UTS's Motion, Dkt. No. 76-1, is accepted as filed;
3. UTS's Amended Document, Dkt. No. 105, is hereby SEALED; and
4. UTS shall file a redacted version of Dkt. No. 105, in accordance with this Order, by January 27, 2015.

**IT IS SO ORDERED.**

Dated: January 21, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge