UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TACTICAL SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>REAL ACTION PAINTBALL, INC., et al.,<br><br>Defendants. | Case No. 14-cv-04050-MEJ<br><br>**ORDER RE: ADMINSTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 132 |

## INTRODUCTION

United Tactical Systems, LLC ("UTS") and related counter-Defendants filed this Motion to Seal following Real Action's public filing of a confidential settlement agreement between ATO and a third-party, as well as other sensitive documents. Dkt. No. 132. The Motion comes before the Court after a series of prior administrative motions to seal by both parties. The parties have begun an unnecessary pattern of antagonistically filing documents in the public docket while knowing the other party wishes to maintain the confidentiality of those documents. Having considered the parties' positions, the Court issues the following Order.

## BACKGROUND

The center of the parties' dispute involves a settlement agreement between UTS's predecessor, Advanced Tactical Ordnance Systems, LLC ("ATO"), and a third-party, Conrad Sun. Real Action sought this document through a subpoena to Conrad Sun's attorneys, and upon learning of this subpoena, ATO objected, after which the parties filed letter briefs to Magistrate Judge Nandor Vadas in the related case disputing the discoverability of this document. ATO Case, Dkt. No. 88.[1] ATO argued that the settlement agreement had a confidentiality clause and

---

[1] ATO case refers to the related action, *Real Action Paintball, Inc. v. Advanced Tactical Ordnance Systems, LLC et al.*, Case No. 14-2435-MEJ. Where citations begin with "ATO Case," the Court

1  that the settlement agreement and related documents contained ATO's confidential financial terms
2  of the settlement and trade secrets. *Id.*
3    Judge Vadas ordered Sun's attorneys to produce the settlement agreement and instructed
4  the parties to amend the protective order in the ATO case (ATO Case, Dkt. No. 77) to cover
5  confidential documents produced by non-parties. ATO Case, Dkt. Nos. 105 & 110 ("The Court
6  finds that ATO should be allowed to so designate such documents produced by a Non-Party in
7  response to a subpoena if the document would otherwise qualify under the Protective Order for
8  such a designation by ATO."). At the hearing, Judge Vadas explained that:

> if the protective order doesn't already state it, it should be modified
> or an addendum made to it that in this particular instance, the
> production pursuant to these subpoenas, if they do in fact contain
> trade secrets or other highly confidential information that concerns
> the defendants in this matter, that they should also be subject to the
> protective order and both defendants or the producer—the third
> party producer of the documents can request that they be marked
> confidential.

14  Kirke Decl. ¶ 4, Dkt. No. 132-1. Real Action's counsel responded: "We'll make those changes,
15  your Honor." *Id.* UTS asserts that "[w]ith this understanding, the Settlement Agreement was
16  provided to [Real Action] shortly thereafter." Mot. at 2. This Court's November 10, 2014 Order
17  did not revise Judge Vadas's decision concerning the protective order. *See* ATO Case, Dkt. No.
18  120.
19    The parties were unable to come to an agreement as to how the protective order should be
20  modified, and they submitted competing versions to Judge Vadas. Mot. at 3. Judge Vadas has not
21  ruled on those protective orders at this time. *Id.*
22    Now pending before the Court are motions to dismiss for lack of personal jurisdiction by
23  defendants and counter-defendants Perfect Circle, Gary Gibson, Michael Blumenthal, and David
24  Piell. As part of its opposition to the personal jurisdiction motions, Real Action submitted
25  supporting evidence, including the settlement agreement between Sun and ATO. Dkt. Nos. 153-6;
26  159-4. The title of this document is "Confidential Settlement Agreement." *Id.* (both). Real

---

28  is referring to documents filed in the related case. All other citations refer to documents filed in this case, also referred to as the "UTS Case."

1   Action gave UTS no notice that it was going to file this document. Kirke Decl. ¶ 5.

2   UTS also seeks to seal filings at docket numbers 131, 131-4, 131-5, 131-9, and 131-10.

3   Mot. at 1. Docket number 131 is Real Action's opposition to the motions to dismiss for lack of personal jurisdiction; docket number 131-4 is the settlement agreement; docket number 131-5 is the guaranty for the settlement agreement; docket number 131-9 is a letter concerning the settlement with Sun; docket number 131-10 is an email between ATO's counsel and what appears to be another attorney.

**LEGAL STANDARD**

A "compelling reasons" standard applies to a motion to seal most judicial records. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record . . . bears the burden of . . . meeting the compelling reasons standard"). This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." *Id.* (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must generally show that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (citations and internal quotation marks omitted).

The strong presumption of public access to judicial documents applies to dispositive motions because the resolution of a dispute on the merits is at the heart of the interest in ensuring that the public understands the judicial process. *Id.* at 1179. The presumption does not apply in the same way to non-dispositive motions, "such that the usual presumption of the public's right of access is rebutted." *Id.* (citing *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). "Good cause" is the proper standard when parties wish to keep records attached to a non-dispositive motion under seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Simply put, records attached to dispositive motions require the court to apply the compelling reasons standard, whereas records attached to non-dispositive motions require the court to apply the "good cause" standard. *See id.* at 678-79.

Under the "compelling reasons" standard, a court must weigh "relevant factors," base its

decision "on a compelling reason," and "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 679 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "Relevant factors" include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.* at 679 n.6 (citation omitted). In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179.

Under the "good cause" standard, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. *See Phillips*, 307 F.3d at 1210-11.

**DISCUSSION**

Real Action filed the settlement agreement in connection with its opposition to the motions to dismiss for lack of personal jurisdiction. Although the Ninth Circuit has not addressed whether such personal jurisdiction motions are dispositive in nature, other district courts have found that an order on a motion to dismiss for lack of personal jurisdiction and for forum non conveniens is non-dispositive for the purpose of sealing exhibits because it "does not resolve the merits of the underlying causes of action, and is only tangentially related to the merits." *See, e.g.*, *Young v. Actions Semiconductor Co.*, 2007 WL 2177028, at *2 (S.D. Cal. July 27, 2007). The *Young* court noted that "[i]f such a motion is granted, it is without prejudice to re-filing the action so as to cure the jurisdictional defect." *Id.* (citing *Kendall v. Overseas Dev. Corp.*, 700 F.2d 536, 539 (9th Cir. 1983)). None of the parties here made any argument as to whether the motions are dispositive or non-dispositive in nature, thus the Court is inclined to agree with the *Young* court that the motions associated with the disputed evidence are non-dispositive for the purpose of sealing.

Given that the motions are non-dispositive in nature, the Court is required to apply the

1  "good cause" standard to determine whether to seal the documents.  *See Pintos*, 605 F.3d at 678.
2  Essentially, these motions seek a protective order to seal these documents and prevent their
3  disclosure.  Rule 26(c) of the Federal Rules of Civil Procedure governs in this instance, providing
4  that a trial court may grant a protective order "to protect a party or person from annoyance,
5  embarrassment, oppression, or undue burden or expense."  The relevant standard for purposes of
6  Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the
7  public by balancing the needs for discovery against the need for confidentiality." *Phillips*, 307
8  F.3d at 1213.

9  Trial courts have authority to grant protective orders to protect confidential settlement
10 agreements.  *See id.* at 1212 (noting that "courts have granted protective orders to protect
11 confidential settlement agreements.").  But to do so, a court must "identify and discuss the factors
12 it considered in its 'good cause' examination[,]" considering whether particularized harm will
13 result from disclosure of information to the public, and then balancing the public and private
14 interests to decide whether a protective order is necessary.  *Id.* at 1211-12.  As Real Action is
15 quick to point out, the declaration in support of UTS's Motion to Seal does not demonstrate that
16 the agreement sought to be sealed is confidential or otherwise protectable.  Opp'n at 2-3, Dkt. No.
17 133.  Although UTS's Motion includes the declaration of their counsel, John C. Kirke, this
18 declaration does not discuss any of the factors to be considered in the "good cause" determination
19 and does not allow the Court to make a finding that "specific prejudice or harm will result if no
20 protective order is granted."  *Phillips*, 307 F.3d at 1210-11.  And while the Court can make certain
21 assumptions based on the record and the general nature of this document as a settlement
22 agreement, UTS has not met its burden to show that good cause requires this document to be
23 sealed.  Though it may seem somewhat perfunctory to require additional evidence to establish
24 good cause related to a confidential settlement agreement, *Phillips* requires the Court to conduct
25 more than a cursory "good cause" analysis.  *See Joe Hand Promotions, Inc. v. Rangee*, 2013 WL
26 6859001, at *5 (E.D. Cal. Dec. 24, 2013) (denying request for protective order without prejudice
27 where plaintiff had merely asserted that the settlement agreement was confidential but without
28 establishing good cause or showing how specific prejudice or harm will result if no protective

5

1  order is granted).

2  Nonetheless, in this District, the Civil Local Rules provide specific directions for when a
3  party seeks to file a document that has been designated as confidential or contains information so
4  designated by an opposing party or a non-party. Specifically, Civil Local Rule 79-5(e) states:

> **(e) Documents Designated as Confidential or Subject to a Protective Order.** If the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order, or a document containing information so designated by an opposing party or a non-party, the Submitting Party's declaration in support of the Administrative Motion to File Under Seal must identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ("the Designating Party"). The declaration must be served on the Designating Party on the same day it is filed and a proof of such service must also be filed.
>
> **(1)** Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable.
>
> **(2)** If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied. A Judge may delay the public docketing of the document upon a showing of good cause.
> In the event that the Submitting Party seeks to file a redacted version of the document, the Submitting Party must comply with Civil Local Rule 79-5(d)(1)(C) & (D).

19  Although neither party described how the settlement agreement was produced and whether Conrad
20  Sun or another third-party produced this document and designated it as confidential, the document
21  is entitled "Confidential Settlement Agreement" and contains a confidentiality clause.[2]  Real
22  Action was also aware from the proceedings before Judge Vadas that ATO, and ostensibly UTS,
23  intended the settlement agreement to remain confidential and sought to protect it via a protective
24  order. Although the Local Rules do not state expressly how a document is designated as
25  confidential, a reasonable litigant would have interpreted Civil Local Rule 79-5(e) as

---

[2] Furthermore, the Protective Order in the ATO case, even in its current form, states that a "Designating Party" is a "Party or *Non-Party* that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL[.]" Protective Order, ATO Case, Dkt. No. 77, ¶ 2.4 (emphasis added).

encompassing this document, which is designated as confidential, and the Court likewise interprets it as such. Going forward, the parties are ordered to construe Rule 79-5(e) in accordance with this Order, and documents marked or designated as confidential shall be treated as such under Civil Local Rule 79-5.

That said, not all the documents in dispute where labeled confidential. Some of the documents UTS seeks to seal were not designated in a way to notify Real Action that it should file according to the Local Rules' requirements. Nonetheless, it is evident from the record that both ATO and UTS sought a protective order allowing them to designate third-party documents as confidential. Thus, for purposes of this Motion, the Court will construe UTS's Motion as its designation of confidentiality for the documents listed above. The Court will temporarily seal these documents, and within four days of the date of this Order, the Designating Party (UTS) must file a declaration as required by Civil Local Rule 79-5(d)(1)(A) establishing that all of the designated material is sealable, while bearing in mind the Ninth Circuit's "good cause" standard discussed above. At present, UTS's declaration is insufficient as it mainly describes ATO's efforts to amend the protective order. UTS should also articulate with specificity which portions of the documents it seeks redacted. If no such declaration is filed, the Court will unseal these documents on April 13, 2015.

## CONCLUSION

In light of the foregoing, the Court GRANTS IN PART the motion to seal. UTS may re-file a declaration showing good cause for their request to seal and conforming to the requirements specified above within four days of the date of this Order, April 6, 2015. If no such declaration is received, the Court will unseal these documents on April 13, 2015.

Additionally, in the future, all parties are ORDERED to comply with Civil Local Rule 79-5 in filing documents designated as confidential.

**IT IS SO ORDERED.**

Dated: April 2, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge