UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TACTICAL SYSTEMS, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>REAL ACTION PAINTBALL, INC., et al.,<br><br>   Defendants. | Case No. 14-cv-04050-MEJ<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 213 |
| AND RELATED ACTION AND CROSS ACTION | |

On November 11, 2015, the Court granted in part and denied in part Counter-Defendants' Motion to Strike Counter-Claimants' claims under California Code of Civil Procedure section 425.16, California's "Anti-SLAPP"[1] statute. Dkt. No. 191. Counter-Defendants now move for attorney fees and costs under section 425.16(c)(1), which provides that a prevailing defendant on a special motion to strike is entitled to recover attorney's fees and costs. Mot., Dkt. No. 213; *see* Cal. Civ. Proc. Code 425.16(c)(1).

Having reviewed the parties' papers, the record in this case, and the relevant legal authority, the Court finds it premature to rule on this matter at this time. While the Court granted in part Counter-Defendants' Anti-SLAPP Motion, it has not yet entered a judgment related to that Order. This matters because the Court generally cannot award attorneys' fees and costs until entering judgment. Fed. R. Civ. P. 54(d)(2)(B)(i)-(ii) (motion for attorney's fees "must . . . be filed no later than 14 days after the entry of judgment; [and] specify the judgment. . . entitling the

---

[1] SLAPP is an acronym for Strategic Lawsuits Against Public Participation. *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013).

movant to the award."); *see* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes . . . any order from which an appeal lies."); *J.P. Hyan v. Rosslyn Beth Hummer, Esq.*, __ F.3d__, 2016 WL 3254701, at *2 (9th Cir. June 14, 2016) (an appeal lies following the issuance of "final decisions" on the merits entered by the district courts; "[a] decision is final when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'").[2] "The Federal Rules of Civil Procedure clearly state that 'any order or other decision, however designated, that adjudicates fewer than all the claims or *the rights and liabilities of fewer than all the parties*' is not final." *J.P. Hyan*, 2016 WL 3254701, at *2 (quoting Fed. R. Civ. Pro. 54(b)) (emphasis in cited case, not in rule); *see also New Show Studios LLC v. Needle*, 2015 WL 5567744, at *5 (C.D. Cal. Sept. 21, 2015) (awarding attorney's fees under the anti-SLAPP statute but ultimately finding defendants were not entitled to a Rule 54(b) judgment at that time, and that "the notion that defendants need[ed] to recover these costs . . . [before they were unrecoverable], d[id] not constitute an unusual case justifying entry of partial final judgment.").

As several of Counter-Claimant's claims still remain, the only way by which the Court could enter a judgment under these circumstances is pursuant to Rule 54(b), which provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In considering whether there is just reason for delay, the Court considers administrative concerns and "such factors as the interrelationship of the claims so as to prevent piecemeal appeals." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (citation omitted). In this sense, the district court acts as a "dispatcher" to determine the "appropriate time" when each final decision in a multiple claims action is ready for appeal, among other things. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). It is left to the sound judicial discretion of the district court to determine the appropriate time to issue a Rule 54(b) judgment. *Id.* at 10.

---

[2] The Ninth Circuit further noted in *J.P. Hyan* that while the grant of an anti-SLAPP motion to strike is treated as final in California courts, *see* Cal. Civ. Proc. Code § 425.16(i), under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law; thus, the Federal Rules apply in assessing a final judgment. 2016 WL 3254701, at *2.

Given the foregoing, the Court exercises its discretion to postpone entering judgment related to its Order granting in part Counter-Defendants' Anti-SLAPP motion— there are multiple claims still being litigated and entering judgment at this time would risk unnecessary piecemeal appeals. Without such a judgment, the Court likewise finds ruling on Counter-Defendants' Motion for Attorney's Fees and Costs premature—these matters are better litigated at the conclusion of the litigation along with issues related to the other claims. *See Kolodrivskiy v. Wachovia Bank, Mortg.*, 2011 WL 4101223, at *1 (E.D. Cal. Sept. 13, 2011) (denying fee motion prior to entry of final judgment and declining to enter partial final judgment); *RD Legal Funding, LLC v. Erwin & Balingit, LLP*, 2010 WL 1416968, at *1-2 (S.D. Cal. Apr. 8, 2010) (same); *Camellia Park Homeowners Assoc. v. Greenbriar Homes Co.*, 882 F. Supp. 150, 150-51 (N.D. Cal. 1995) (same).

For these reasons, Counter-Defendants' Motion for Attorney's Fees and Costs is **DENIED WITHOUT PREJUDICE**. Counter-Defendants may re-file their motion after the entry of final judgment in this action.

**IT IS SO ORDERED.**

Dated: June 21, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge