UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TACTICAL SYSTEMS, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REAL ACTION PAINTBALL, INC., et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-04050-MEJ<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 306 |

## INTRODUCTION

On October 6, 2016, Plaintiff and Counter-Defendants United Tactical Systems, LLC; Advanced Tactical Ordnance Systems, LLC; Perfect Circle Projectiles LLC; Gary Gibson; Tactical Air Games, Inc.; Tyler Tiberius; United Tactical Systems Holdings, LLC; and United Tactical Systems Intermediate Holdings, LLC (collectively, "UTS") and Defendants and Counter-Claimants Real Action Paintball, Inc. and K.T. Tran (collectively, "Real Action") filed a joint Motion to File Under Seal. Mot., Dkt. No. 306. UTS and Real Action seek to file under seal in their entirety two documents in support of UTS's Motion for Partial Summary Judgment:

1. Asset Purchase Agreement, dated July 25, 2014, bates numbered UTS04471-04560. *See* Declaration of Gary Gibson ("Gibson Decl."), Ex. 31, Dkt. No. 308.

2. Assignment and Bill of Sale (the "Assignment"), bates numbered UTS04564-04568, dated August 8, 2014. *See id.*, Ex. 32.

Mot. at 1-2. Real Action designated these documents as "Highly Confidential—Attorneys' Eyes Only" pursuant to the parties' protective order and submits the Declaration of Padraic Glaspy ("Glaspy Declaration") in support of its request to seal, as required by Civil Local Rule 79-5(e)(1). *Id.* at 1-2; *see* Glaspy Decl., Dkt. No. 306-1. Having considered the parties' arguments, the

Glaspy Declaration, and the relevant legal authority, the Court issues the following Order.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." *Id.* at 1178 (internal quotation and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (finding sealing appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their product-specific financial information were made public"). Indeed, such showing is required even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

## DISCUSSION

The compelling reasons standard applies to the Asset Purchase Agreement and the Assignment, as they are attached to UTS's dispositive Motion for Partial Summary Judgment. *See Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016) ("[W]e appl[y] the 'compelling reasons' standard to documents attached to a motion for summary judgment."). Glaspy declares that the Asset Purchase Agreement and the Assignment "both memorialize the deal by which a third party to this case, ClearLight Partners, acquired the intellectual property of ATO." Glaspy Decl. ¶ 5. These documents are "confidential and contains proprietary, trade secret, and competitively sensitive material as to, Plaintiff, Counter-Defendants, and third parties." *Id.* Glaspy states that "[t]he public disclosure of this confidential, trade secret, and competitively sensitive material would create a substantial risk of serious harm." *Id.*

### A.    Asset Purchase Agreement

Glaspy explains that because the parties "seek to file these entire documents under seal, no redacted version has been submitted." *Id.* ¶ 6; *see* Mot. at 2 ("Plaintiff and Counter-Defendants

2

seek to file these entire documents under seal."). However, the "unredacted version" of the Asset Purchase Agreement received by the Court in fact contains redactions. *See* Dkt. No. 306-3. Indeed, entire pages of the Asset Purchase Agreement are redacted. *See id.* at 9-13. The Court accordingly cannot determine whether there are compelling reasons to seal the Asset Purchase Agreement in its entirety, or whether a more narrowly tailored redaction is appropriate. *See* Civ. L.R. 79-5(b) ("The request must be narrowly tailored to seek sealing only of sealable material[.]"). Based on the information the Court is able to review, it does not find the parties have established the existence of a compelling reason to seal this document. The Court DENIES WITHOUT PREJUDICE the parties' request to file the Asset Purchase Agreement under seal at this time. The parties may file another motion to file under seal addressing the Court's comments here and provide an unredacted version of the document.

**B.     Assignment**

Although the Assignment was subject to the parties' protective order, the Court finds no compelling reasons to keep it sealed. *See Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012) ("A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed." (footnotes omitted) (citing *Kamakana*, 447 F.3d 1178-79)).

Having carefully reviewed the Assignment, the Court finds it does not contain any proprietary, trade secret, or competitively sensitive material. Glaspy generally states that "public disclosure . . . would create a substantial risk of serious harm" (Glaspy Decl. ¶ 6), but he does not explain how disclosure would harm UTS or identify the particularized harm that could result if the Assignment were made public. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted); *see Finisar Corp. v. Nistica, Inc.*, 2015 WL 3988132, at *4 (N.D. Cal. June 30, 2015) ("A party may meet this burden by showing that the information sought to be withheld creates a risk of significant competitive injury and particularized harm." (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th

Cir. 2006)). Accordingly, the Court DENIES the parties' Motion to file the Assignment under seal WITHOUT PREJUDICE; the parties may file another motion to seal if they can provide substantiated and specific examples of harm the disclosure of this document will creat.

## CONCLUSION

In light of the foregoing analysis, the Court DENIES WITHOUT PREJUDICE the parties' Motion to File the Assignment and the Asset Purchase Agreement under seal. The parties may file another motion to file these documents if they can address the Court's concerns articulated herein.

**IT IS SO ORDERED.**

Dated: February 8, 2017

MARIA-ELENA JAMES
United States Magistrate Judge

4