UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TACTICAL SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>REAL ACTION PAINTBALL, INC., et al.,<br><br>Defendants. | Case No. 14-cv-04050-MEJ<br><br>**ORDER RE: ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 378 |

## INTRODUCTION

On April 27, 2017, Plaintiff and Counter-Defendant United Tactical Systems, LLC and related Counter-Defendants Advanced Tactical Ordnance Systems, LLC ("ATO"); Perfect Circle Projectiles LLC; Gary Gibson; Tactical Air Games, Inc.; Tyler Tiberius; United Tactical Systems Holdings, LLC; and United Tactical Systems Intermediate Holdings, LLC (collectively, "Plaintiff and Counter-Defendants") filed a motion to file under seal documents filed in connection with their Motion for Summary Judgment ("MSJ"). Dkt. No. 378. Having considered the parties' arguments, the record in this case, and the relevant legal authority, the Court issues the following order.

## LEGAL STANDARD

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a "party must articulate compelling reasons supported by specific fact[s]." *Id.* at 1178 (internal quotation marks and citation omitted); *see also Apple, Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (finding sealing

appropriate where companies "filed declarations from employees" that "explained the measures the two companies take to keep their product-specific financial information confidential" and "the harm they would suffer if their product-specific financial information were made public"). Indeed, such showing is required even where "the dispositive motion, or its attachments, were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179.

## DISCUSSION

The compelling reasons standard applies to documents filed in connection with the MSJ. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016). Plaintiff and Counter-Defendants seek to seal in full or in part the MSJ (Dkt. No. 379) and several Exhibits thereto (Glaspy MSJ Decl., Dkt. No. 382), as well as portions of their Separate Statement of Undisputed Facts (SSUF, Dkt. No. 378-6).

### A. Exhibit 85 and Documents Discussing Exhibit 85

Exhibit 85 consists of a Confidential Settlement Agreement between ATO and nonparty Conrad Sun. Glaspy Decl. ¶ 4, Dkt. No. 378-1. On April 2, 2015, the Court granted in part Plaintiff and Counter-Defendants' Motion to Seal the Settlement Agreement, which Plaintiffs Real Action Paintball, Inc. and K.T. Tran (collectively, "Real Action") had filed as part of their Opposition to Counter-Defendants Michael Blumenthal and David Piell's[1] Motion to Dismiss. Sealing Order, Dkt. No. 135; Opp'n, Dkt. No. 131. Finding the Motion to Dismiss was non-dispositive, the Court applied the good cause standard applicable to such motions. Sealing Order at 4-5. The Court granted the motion to seal on the condition that Plaintiff and Counter-Defendants file a declaration showing good cause existed for their request. *Id.* at 7. Plaintiff and Counter-Defendants submitted two declarations in response (Blumenthal Decl., Dkt. No. 135; Suppl. Blumenthal Decl., Dkt. No. 137), and the Court redacted those portions on its Order Denying the Motion to Dismiss that discussed the Settlement Agreement (*see* Dkt. No. 138 at 13, 17-18).

---

[1] Blumenthal and Piell did not take part in this Motion.

2

Because Plaintiff and Counter-Defendants now seek to file the Settlement Agreement as part of their Motion for Summary Judgment, the Court revisits the issue of sealing this document under the more stringent compelling reasons standard. Padraic Glaspy, Plaintiff and Counter-Defendants' counsel, declares that "[t]he Confidential Settlement Agreement is, by its own terms, confidential, and the information contained therein regarding the terms and financial structure of the settlement is confidential and competitively sensitive material as to, Plaintiff, Counter-Defendants, and third parties." Glaspy Decl. ¶ 4; *see id.* (describing Settlement Agreement as "trade secret[] and competitively sensitive material"). Glaspy further avers that publicly disclosing the Settlement Agreement would create a substantial risk of serious harm to Plaintiff and Counter-Defendants, as

> Plaintiff anticipates that it may eventually have other disputes with third parties regarding its trademark and trade dress rights, and the public disclosure of the terms of the Confidential Settlement Agreement with Sun would put Plaintiff at a significant disadvantage in attempting to resolve any such disputes as the Sun agreement would, essentially, set a floor for any deal a future party would be willing to agree to.

*Id.*

These arguments are largely the same as those Plaintiff and Counter-Defendants' asserted when they previously sought to seal the Settlement Agreement. *See* Blumenthal Decl. ¶ 3 ("A negotiated for term of the 'Confidential Settlement Agreement' was that it would be kept confidential by the parties."); *id.* ¶ 4 ("UTS anticipates that it will eventually have other disputes over its trademark and trade dress rights. The public disclosure of the terms of the Confidential Settlement Agreement impedes UTS's ability to effectively negotiate settlements to resolve those disputes because the parties infringing on UTS's rights will be able to find, in the public record, the terms agreed to by ATO and Sun."); *id.* ¶ 6 ("If made public, entities negotiating with UTS over trademark, trade dress and trade secret disputes would seek to leverage the terms of the settlement agreement to maximize the best possible outcome for them—at the expense of UTS."). The Court redacted the information Blumenthal showed was sealable under the good cause standard; however, "[a] 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Kamakana*, 447 F.3d at 1180.

1 That the Settlement Agreement "by its own terms" is designated confidential does not relieve Plaintiff and Counter-Defendants of their burden to show compelling reasons to seal the document. *See Bernstein v. Target Stores, Inc.*, 2013 WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013) ("The existence of a confidentiality provision [in a settlement agreement], without more, does not constitute good cause, let alone a compelling reason, to seal."); *Select Portfolio Servicing v. Valentino*, 2013 WL 1800039, at *3 (N.D. Cal. Apr. 29, 2013) (The "motion to file under seal is supported by a sole declaration, which only asserts that the material should be sealed because the parties agreed among themselves to make the settlement agreement confidential. This is insufficient.").

Plaintiff and Counter-Defendants fail to show compelling reasons justify sealing the Settlement Agreement in its entirety. On the contrary, a review of the Settlement Agreement shows that not all of the information contained therein consists of trade secret, proprietary, or otherwise protectable material. The Court finds the document can be narrowly redacted to protect only this information. *See Foltz*, 331 F.3d at 1135-39 (reviewing district court's decision to seal documents filed in connection with summary judgment motion and finding "limited number of [sealable] records can be redacted easily to protect third-party privacy interests while leaving other meaningful information"); Civ. L.R. 79-5(b) ("The [sealing] request must be narrowly tailored to seek sealing only of sealable material[.]").

That public disclosure of the terms of the Settlement Agreement could disadvantage Plaintiff and Counter-Defendants in future litigation is not, on its own, a reason to justify sealing the Agreement in its entirety. This is not the type of harm that warrants protection. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Foltz*, 331 F.3d at 1137 ("This disclosure might harm [the movant] by exposing it to additional liability and litigation . . . , but a litigant is not entitled to the court's protection from this type of harm.").

Plaintiff and Counter-Defendants also argue they "should not be forced to choose between violating the terms of the Confidential Settlement Agreement and defending themselves from Real

4

Action's claims." Mot. at 3. Based on the Court's review of Paragraph 17(iii) of the Settlement Agreement, the Court finds that compliance with this Order would not cause them to breach the Settlement's terms. *See also* Blumenthal Decl. ¶ 3 (indicating Northern District of Indiana's consent decree required Sun, but not ATO, to keep the terms of the Settlement Agreement confidential).

Accordingly, the Court **DENIES** the Motion as to the Settlement Agreement **WITHOUT PREJUDICE**. This Order does not preclude Plaintiff and Counter-Defendants from filing another motion to seal that identifies with specificity those portions of the Settlement Agreement document that contain sealable material. *See* Civ. L.R. 79-5(b).

Plaintiff and Counter-Defendants also seek to redact portions of their MSJ, Exhibits 47 and 83, and SSUF that discuss the Settlement Agreement. Mot. at 2. As the Court declines to seal the Settlement Agreement in its entirety, the Court also **DENIES** the Motion as to these documents **WITHOUT PREJUDICE**. Plaintiff and Counter-Defendants may again move to seal these documents provided they narrow their requests to only sealable material.

### B. Exhibits 75, 78, and 80

Exhibits 78 and 80 are emails between Real Action and third parties. Plaintiff and Counter-Defendants seek to seal these exhibits in their entirety on the ground that Real Action designated these documents as confidential. Mot. at 3; Glaspy Decl. ¶ 5. Plaintiff and Counter-Defendants also seek to seal portions of Exhibit 75, which consists of Tran's deposition transcript in which Tran discusses the emails.

Where a party seeks to file under seal any material designated as confidential by another party, the submitting party must file a motion for a sealing order. *See* Civil L.R. 79-5(d)-(e). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration . . . establishing that all of the designated information is sealable." *Id.* at 79-5(e)(1). "If the Designating Party does not file a responsive declaration as required by subsection 79-5(e)(1) and the Administrative Motion to File Under Seal is denied, the Submitting Party may file the document in the public record no earlier than 4 days, and no later than 10 days, after the motion is denied." *Id.* at 79-5(e)(2).

To date, Real Action, the Designating Party, has not filed a responsive declaration. Accordingly, the Court **DENIES** Plaintiff and Counter-Defendants' Motion to file under seal Exhibits 78 and 80. Because the emails themselves shall not be sealed, the Court also **DENIES** the Motion as to Exhibit 75.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. The Motion to Seal the Settlement Agreement; Motion for Summary Judgment; Exhibits 47 and 83; and SSUF is **DENIED WITHOUT PREJUDICE**. No later than May 17, 2017, Plaintiff and Counter-Defendants may file another motion that seeks to redact only protectable information. If Plaintiff and Counter-Defendants do not file a motion by this date, they shall file unredacted versions of these documents in the public docket no later than May 24, 2017.

2. The Motion to Seal the portions of Exhibits 75, 78, and 80 is **DENIED**. The Court **ORDERS** Plaintiff and Counter-Defendants to file unredacted versions of Exhibits 75, 78, and 80 in the public record, no earlier than May 15, 2017 and no later than May 19, 2017.

**IT IS SO ORDERED.**

Dated: May 9, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge