UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TACTICAL SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> REAL ACTION PAINTBALL, INC., et al., <br><br> Defendants. | Case No. 14-cv-04050-MEJ <br><br> **ORDER RE: RENEWED MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES** <br><br> Re: Dkt. No. 410 |

## INTRODUCTION

The Court has twice denied Defendants and Counterclaimants Real Action Paintball, Inc. and K.T. Tran's (together, "Real Action") requests to file a first amended answer and affirmative defenses. First First Am. Answer ("FAA") Order ("First FAA Order"), Dkt. No. 277; Second FAA Order, Dkt. No. 396. Real Action has filed a second Renewed Motion for Leave to File a First Amended Answer and Affirmative Defenses pursuant to Federal Rules of Civil Procedure 15(a) and 16. Mot., Dkt. No. 410. Plaintiff United Tactical Systems, LLC ("UTS") and related Counter-Defendants[1] (together with UTS, "Counter-Defendants") filed an Opposition (Dkt. No. 422) and Real Action filed a Reply (Dkt. No. 439). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **DENIES** the Motion for the following reasons.[2]

---

[1] Counter-Defendants are Advanced Tactical Ordnance Systems, LLC; Gary Gibson; Perfect Circle Projectiles LLC; Tactical Air Games, Inc.; Tyler Tiberius; United Tactical Systems Holdings, LLC; and United Tactical Systems Intermediate Holdings, LLC.

[2] Although Real Action's Motion lists a hearing date of June 29, 2017, Real Action did not properly calendar the hearing. In any event, the Court finds this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

# BACKGROUND

The Court's prior Orders set forth a detailed factual and procedural history of this action. *See* Order re: Mots. for Summ. J. ("MSJ Order"), Dkt. No. 348; Second FAA Order.

As is relevant to this Motion, on August 26, 2016, the Court denied Real Action's first Motion for Leave to File a First Amended Answer. *See* First FAA Order at 8-9; First FAA Mot., Dkt. No. 247. Real Action sought to assert two new affirmative defenses based on "release" and on statute of limitations grounds. *Id.* at 8; First Proposed FAA at 34-35, Dkt. No. 247-1. The Court found Real Action failed to provide an adequate factual basis for its defenses, which precluded the Court from "weigh[ing] the factors associated with determining whether leave should be granted." *See* First FAA Order at 8-9. In addition, the Court found Real Action failed to provide a basis for why justice required the amendment. *Id.* at 9. The Court accordingly denied Real Action's Motion without prejudice. *Id.*

Five months later, Real Action again moved for leave to amend its Answer to assert affirmative defenses based on a release and on statute of limitations grounds. Second FAA Mot., Dkt. No. 335; *see* Second Proposed FAA at 34-35, Dkt. No. 355-1. The Court denied this Motion as well. *See* Second FAA Order. The Court found Real Action had unduly delayed in seeking amendment and that UTS would be prejudiced if Real Action were permitted to amend its Answer. *Id.* at 4-8. The Court also noted Real Action had filed its Motion long after the July 14, 2016 deadline to amend the pleadings. *Id.* at 9 ("Whereas Real Action first moved to amend prior to the amended pleadings deadline, it filed the [second] Motion approximately six months after the deadline."); *see* Case Management Order, Dkt. No. 218. Real Action had not, however, complied with Civil Local Rule 16-2(d) which, along with Federal Rule of Civil Procedure 16, sets forth the requirements for seeking relief from a case management order. Second FAA Order at 9-10. The Court found that this, coupled with the undue delay and prejudice, warranted denial of the Motion. *Id.* at 10.

Now for a third time, Real Action seeks leave to amend its Answer to assert two affirmative defenses:

**SIXTEENTH AFFIRMATIVE DEFENSE**
Plaintiff's claims are barred because Plaintiff's predecessor-in-interest, Advanced Tactical Ordnance Systems, LLC **released** Real Action Paintball, Inc. from all claims it had against it by operation of a certain Confidential Settlement Agreement and Mutual General Release ("Settlement Agreement") that released a partner of Real Action, Conrad Sun. Because Plaintiff is asserting claims that it alleges to have acquired from Advanced Tactical Ordnance Systems, LLC, those claims do not exist because Advanced Tactical Ordnance Systems, LLC released Real Action. Because Plaintiff's claims against defendant K.T. Tran are predicated on him being vicariously liable for claims against Real Action Paintball, Inc. those claims are also subject to this defense of release.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
One or more of Plaintiff's claims is barred by the applicable statute of limitations, including the two-year statute of limitations for claims under the Lanham Act, because the operative facts pleaded in the Complaint occurred more than two years before ATO and UTS filed their complaints against Real Action Paintball, Inc. and K.T. Tran.

Third Proposed FAA at 34-35, Dkt. No. 410-1 (emphasis in original). These proposed affirmative defenses are largely the same as the affirmative defenses Real Action sought to assert twice before. *See* First Proposed FAA at 34-35; Second Proposed FAA at 34-35.

## DISCUSSION

UTS characterizes Real Action's Motion as "simply a restatement of the evidence and arguments that formed the basis of its previous 'renewed' motion, with some additional arguments asserted for the first time in response to the Court's recent ruling denying its motion to amend." Opp'n at 7. UTS argues the Motion is in fact a motion for reconsideration, which should be denied for Real Action's failure to abide by Civil Local Rule 7-9's requirement that Real Action seek leave of Court to file the motion. *Id.*; *see* Civ. L.R. 79-(a) ("No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."). Real Action disputes the characterization of its Motion as one for reconsideration because "Real Action has never argued granting leave is supported by Rule 16, so the [C]ourt has never considered these arguments." Reply at 4. As such, Real Action argues "[t]here has not been a ruling on these arguments, so there is no such ruling to be 'reconsidered.'" *Id.*

Real Action offers no credible argument as to why it did not discuss Federal Rule of Civil Procedure 16 in its Second FAA Motion. Real Action explains it "mistakenly believed the Court

3

had authorized the filing of a renewed motion for leave to amend that need only comply with the relatively low threshold of Rule 15(a)(2)[.]" Mot. at 7. Real Action's counsel thus "mistakenly concluded" that the Court's First FAA Order "trumped an obligation to comply with Rule 16." *Id.*

This assertion is unsupported by declaration. Nor is it plausible. While the Court denied the First FAA Motion without prejudice, the Court gave no indication that "only" Federal Rule of Civil Procedure 15 would apply to any future motion for leave to file an amended answer. *See* First FAA Order. Given that Real Action was aware of the amended pleadings deadline and because it filed its Second FAA Motion after it had expired, it should have known that Federal Rule of Civil Procedure 16 would apply. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) ("Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [the plaintiffs] moved to amend.").

Real Action offers no other explanation as to why it did not address Federal Rule of Civil Procedure 16 in its Second FAA Motion, or why the Court should consider its Rule 16 arguments now. The Court finds the instant Motion is simply an attempt for Real Action to raise an argument that was previously available to it, but which it failed to address in a timely fashion. To the extent the Court could construe it as a motion for reconsideration, it does not fall under one of the grounds set forth in Civil Local Rule 7-9(b).[3]

---

[3] Civil Local Rule 7-9(b) provides that
> The moving party must specifically show reasonable diligence in bringing the motion, and one of the following:
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

4

Accordingly, the Court **DENIES** the Motion.[4]

**IT IS SO ORDERED.**

Dated: June 26, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[4] This Order does not preclude Real Action from raising the statute of limitations in its Motions for Summary Judgment. *See Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) ("In the absence of a showing of prejudice, however, an affirmative defense may be raised for the first time at summary judgment." (citing *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984)); *see also Donell v. Keppers*, 835 F. Supp. 2d 871, 877 (S.D. Cal. 2011) ("Although the statute of limitations is ordinarily an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver, district courts may dismiss an action sua sponte on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (quoting *Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)).