UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TACTICAL SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>REAL ACTION PAINTBALL, INC., et al.,<br><br>Defendants. | Case No. 14-cv-04050-MEJ<br><br>**ORDER RE: MOTION TO STRIKE**<br><br>Re: Dkt. No. 455 |

## INTRODUCTION

Defendants and Counterclaimants Real Action Paintball, Inc. and K.T. Tran (together, "Real Action" or "RAP") move to strike Supplemental Responses to Interrogatories served and filed by Plaintiff United Tactical Systems, LLC ("UTS"). Mot., Dkt. No. 455; *see* Interrog. Resp., Dkt. Nos. 440-72, 452-1. UTS filed an Opposition (Dkt. No. 460) and Real Action filed a Reply (Dkt. No. 461). The Court finds this matter suitable for disposition without oral argument and VACATES the August 17, 2017 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND[1]

The parties in this action have filed four separate motions for summary judgment. UTS and Real Action have filed cross-motions for summary judgment on UTS's claims. UTS Mot. for

---

[1] Detailed factual backgrounds can be found in the Court's prior orders. *See* Dkt. Nos. 34, 139, 348.

Summ. J. ("MSJ"), Dkt. No. 379; RAP MSJ, Dkt. No. 412. UTS and related Counter-Defendants[2] and Real Action have also filed cross-motions for summary judgment on Real Action's counterclaims. UTS Countercl. MSJ, Dkt. No. 380; RAP Countercl. MSJ, Dkt. No. 411.

Discovery in this matter closed on March 28, 2017. *See* Dkt. No. 362. On April 7, 2017, UTS served on Real Action supplemental responses to special interrogatories ("Interrogatory Responses"). Mot. ¶ 2; First Glaspy Decl. ¶ 3, Dkt. No. 460-1. UTS attached the Interrogatory Responses as exhibits to declarations filed in support of its Opposition to Real Action's Motion for Summary Judgment on UTS' Claims (Glaspy Decl. iso Opp'n to RAP MSJ, Ex. 36, Dkt. No. 440) and of its Reply to UTS' Motion for Summary Judgment on UTS' Claims (Glaspy Decl. iso Reply to UTS MSJ, Ex. 1, Dkt. No. 452).

Real Action objected to the Interrogatory Responses when UTS filed the document in connection with UTS's Opposition. Reply to RAP MSJ at 10, Dkt. No. 454. It did not file an objection to the supplemental response filed in connection with UTS' Reply. *See* Civ. L.R. 7-3(d)(1) ("If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, and serve an Objection to Reply Evidence. . . . The Objection to Reply Evidence must be filed and served not more than 7 days after the reply was filed."). Real Action instead filed the instant Motion.

**OBJECTION TO REPLY**

Before turning to the parties' substantive arguments, the Court first addresses UTS' objection and request to strike Real Action's Reply. *See* Obj., Dkt. No. 462. UTS argues Real Action's Reply is untimely and should therefore be stricken. *Id.* at 1. UTS further contends the Reply contains "newly-submitted material and highly improper argument[,]" namely, Real Action's "argument relating to the sufficiency of the verification that was provided in [UTS'] Opposition papers as to the discovery responses that are the subject of Defendants' Motion." *Id.*

---

[2] In addition to UTS, Counter-Defendants are Advanced Tactical Ordnance Systems, LLC ("ATO"); Gary Gibson; Perfect Circle Projectiles LLC; Tactical Air Games, Inc.; Tyler Tiberius; United Tactical Systems Holdings, LLC; United Tactical Systems Intermediate Holdings, LLC.

at 2. UTS argues Real Action did not address the verification in its Motion, "choosing instead to falsely claim to this Court that the responses were unverified." *Id.* In particular, UTS vehemently objects to Real Action's assertion that

> [f]or all we know, "Ashish Jain" is some random homeless person who knows nothing about this case or the supplemental interrogatory answers. It appears that no "officer or agent" of UTS and ATO was able or willing to sign a correct verification, so they found some random person and "authorized" him or her to sign them on their behalf, regardless of his knowledge.

Obj. at 2-3; *see* Reply ¶ 4(d).

Pursuant to Civil Local Rule 7-3(c), "[t]he reply to an opposition must be filed and served not more than 7 days after the opposition was due." Real Action's Reply was due August 2, 2017; it filed the Reply one day late. However, as UTS is not prejudiced by the late filing and in the interests of justice, the Court declines to strike it on this ground.

The Court also overrules UTS' objections to the "newly-submitted material and highly improper argument." CITE. Real Action's argument regarding the verification responds to arguments UTS raised in its Opposition. *See* Opp'n at 1 ("The interrogatory responses referenced were duly and properly verified. Exhibit 1 to the concurrently filed Declaration of Padraic Glaspy . . . is a true and correct copy of the signed verification of the April 7, 2017 responses referenced, which was served on Real Action on that date."); First Glaspy Decl., Ex. 1 (page titled "Verification" signed by Ashish Jain). The Court further declines to uphold UTS' objection to "Real Action's bizarre and utterly baseless personal attacks" on Mr. Jain. Obj. at 2. While Real Action could have made its point without resorting to less strident language, this argument responds to documents UTS submitted in support of its Opposition, specifically, the verification bearing Mr. Jain's signature.[3] *See* First Glaspy Decl., Ex. 1. Accordingly, the Court considers Real Action's Reply on the merits.

---

[3] The Court declines to comment on whether Real Action's arguments are "potentially libelous" or an "attempt to defame Mr. Jain." *See* Obj. at 3-4.

**DISCUSSION**

Real Action moves to strike UTS' Interrogatory Responses pursuant to Federal Rules of Civil Procedure 33(b)(3) and 56(c).[4] Mot. at 1. Rule 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Real Action challenges both the qualifications of Mr. Jain and the language of the verification. Rule 56(c)(2) allows "[a] party [to] object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Rule 56(c)(4) requires affidavits or declarations in support of a motion for summary judgment to "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

Real Action argues the Interrogatory Responses "are not are not summary judgment evidence under Rule 56(c)(2) and 56(c)(4) because they are not signed 'under oath' as required by Fed. R. Civ. P. 33(b)(3)." Mot. ¶ 6.

The Court DENIES the Motion to Strike. First, while Rule 33(b)(3) requires each answer to an interrogatory "in writing under oath[,]" UTS argues and offers evidence that it served on Real Action the Interrogatory Responses with Mr. Jain's verification. *See* Opp'n at 1; First Glaspy Decl., Ex. 2 (March-April 2017 email correspondence between counsel with attached Interrogatory Responses with verification). Nothing in the record shows Real Action objected to the Interrogatory Responses or disputed Mr. Jain's verification at that time. If Real Action believed Mr. Jain was not qualified to verify the Interrogatory Responses, or wanted to confirm he was qualified, Real Action should have raised those questions in April 2017. Moreover, Judge Vadas previously held that "[t]he May 12, 2016 interrogatory answers served on Defendants by Advanced Tactical Ordnance Systems LLC and UTS were properly verified and no further verification is required." Disc. Order, Dkt. No. 259 ¶ 1. The verification language at issue in that

---

[4] It is unclear under which Rule Real Action brings this Motion. Real Action asserts it "move[s] pursuant to Civil Procedure Rule 56(c)&(4) and Rule 33(b)(3)." Mot. at 1 (error in original). Real Action later argues "[t]he Supplemental Answers are not summary judgment evidence under Rule 56(c)(2) and 56(c)(4)[.]" *Id.* ¶ 6. The Court therefore assumes Real Action brings its Motion pursuant to Rules 33(b)(3), 56(c)(2), and 56(c)(4).

4

Discovery Order is substantially the same as the one Real Action now challenges. *Compare* First Glaspy Decl., Ex. 1 ("I have reviewed the supplemental responses to the interrogatories served on UTS and ATO, dated February 27, 2017, and hereby certify that the responses are true and correct to the best of my knowledge and belief. I am authorized to sign this certification on behalf of UTS and ATO.") *with id.*, Exs. 5 & 6 (May 12, 2016 interrogatory responses with verification that "I hereby certify that the foregoing answers are true and correct to the best of my knowledge and belief."). Real Action did not appeal Judge Vadas' Order to the undersigned, and the Court finds no reason to overrule Judge Vadas' finding so as to now find Mr. Jain's verification insufficient.

Second, Real Action does not show, let alone argue, that information contained in the Interrogatory Responses "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). "At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) (citing *Block v. City of L.A.*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56.")). For instance, UTS may be able to call at trial a witness who can testify to his or her personal knowledge of the assertions in the Interrogatory Responses—Mr. Jain, for instance.[5]

Accordingly, the Court DENIES the Motion to Strike.

**IT IS SO ORDERED.**

Dated: August 11, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[5] It appears Real Action may have known that Mr. Jain is UTS' and ATO's Chief Financial Officer. *See* Obj. at 3; *see* Second Glaspy Decl., Exs. 2-3 (deposition transcripts identifying Mr. Jain), Dkt. No. 462-1.