UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED TACTICAL SYSTEMS, LLC,

Plaintiff,

v.

REAL ACTION PAINTBALL, INC., et al.,

Defendants.

Case No. 14-cv-04050-MEJ

**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

Re: Dkt. Nos. 375, 404, 408, 413, 419, 425, 429

The parties filed seven Motions to File Under Seal in connection with their Motions for Summary Judgment. Dkt. Nos. 375, 404, 408, 413, 419, 425, 429. Pursuant to the Court's Order, the parties provided a consolidated list of the documents sought to be sealed, the reasons therefor, and any oppositions thereto. *See* Order, Dkt. No. 467; Joint Report, Dkt. No. 469. Having considered the parties' positions and the relevant legal authority, the Court issues the following order.

**LEGAL STANDARD**

There is a "strong presumption in favor of access" by the public to judicial records and documents accompanying dispositive motions. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To seal judicial records relating to motions that are "more than tangentially related to the merits of a case," *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016), a party must "articulate compelling reasons supported by specific factual findings," *Kamakana*, 447 F.3d at 1178 (internal quotation marks and citation omitted). Indeed, such showing is required even where "the [] motion, or its attachments, were previously filed under seal or protective

order." *Kamakana*, 447 F.3d at 1179.

The strong presumption of public access to judicial documents applies to such motions because the resolution of a dispute on the merits is at the heart of the interest in ensuring that the public understands the judicial process. *Id.* The presumption does not apply in the same way to motions that are "not related, or only tangentially related, to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1099. With such motions, "the usual presumption of the public's right of access is rebutted." *Id.* at 1179 (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party seeking to seal documents attached to such motions nevertheless must meet the lower "good cause" standard under Rule 26(c). *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). This requires the party to make a "particularized showing" that "specific prejudice or harm" will result if the information is disclosed. *Phillips*, 307 F.3d at 1211. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (internal quotation marks and edits omitted).

Civil Local Rule 79-5(d)(1)(A) also requires a party seeking to seal a document to submit "[a] declaration establishing that the document sought to be filed under seal, or portions thereof, are sealable." If the moving party seeks to seal a document designated as confidential by the opposing party pursuant to a protective order, the designating party must file within four days of the motion a declaration establishing all of the designated material is sealable. Civ. L.R. 79-5(e). Finally, any sealing "request must be narrowly tailored to seek sealing only of sealable material[.]" Civ. L.R. 79-5(b).

## DISCUSSION[1]

The compelling reasons standard applies to the Motions to File Under Seal, as they pertain to documents filed in connection with Motions for Summary Judgment that are more than

---

[1] For each document that Real Action opposes sealing, Real Action contends "UTS' 'compelling reasons' should be rejected, as they are not supported by 'declarations from declarants with personal knowledge as required by the Court's Order [Dkt. 467, pp. 1-2]." *See* Joint Report (brackets in original). The Court does not re-state this reason below.

2

1  tangentially related to the merits of this case. *See Benedict v. Hewlett-Packard Co.*, 2016 WL
2  4943007, at *2 (N.D. Cal. Sept. 16, 2016).

**A.  Dkt. No. 375**

Defendant and Counter-Claimants Real Action Paintball, Inc. and K.T. Tran (together, "Real Action") seek to seal documents which Plaintiff and related Counter-Defendants[2] designated as confidential pursuant to Civil Local Rule 79-5 and the protective order entered in this action. 375 Mot., Dkt. No. 375; *see* Protective Order, Dkt. No. 187. In support of its contention the documents are sealable, UTS submits the Declarations of Padraic Glaspy and Gary Gibson. 375 Glaspy Decl., Dkt. No. 392; Gibson Decl., Dkt. No. 470. Real Action opposes sealing these documents. Dkt. No. 375 at 2; Joint Report at 1-8.

    1.  Dkt. Nos. 375-2, 375-3, and 375-4

Each of these documents contains an ATO Police Training Video. *See* Dkt. No. 375-2 (ATO1033); Dkt. No. 375-3 (ATO1028); Dkt. No. 375-4 (ATO1030). UTS requests these documents be sealed in their entirety. Joint Report at 1-4. Gibson, Plaintiff's Vice President of Industrial Engineering and Board Member, declares these videos are "internal training videos that contain confidential, proprietary, and competitively sensitive product specifications." Gibson Decl. ¶ 3; *see* Joint Report at 1-4. Gibson further declares "United Tactical faces significant prejudice if these items are not filed under seal; its training materials are proprietary and provided only to customers of United Tactical." Gibson Decl. ¶ 3; *see* Joint Report at 2. He further avers these videos "include proprietary information regarding the design, construction, composition, functionality, and operation of PepperBall® projectiles and launchers." Gibson Decl. ¶ 3; *see* Joint Report at 2-5. "United Tactical would be significantly damaged if such confidential, proprietary information were made available to the public and its competitors." Gibson Decl. ¶ 3; *see* Joint Report at 2-5.

---

[2] Plaintiff is United Tactical Systems, LLC. The related Counter-Defendants are Advanced Tactical Ordnance Systems, LLC ("ATO"); Perfect Circle Projectiles LLC; Gary Gibson; Tactical Air Games, Inc.; Tyler Tiberius; United Tactical Systems Holdings, LLC; and United Tactical Systems Intermediate Holdings, LLC (together with Plaintiff, "United Tactical" or "UTS").

3

1                a.     *Dkt. No. 375-2 (ATO1033)*

2    Real Action opposes sealing ATO1033 on grounds that (1) the video is not an "internal"

3    training video and was created before UTS was formed in 2014, and (2) the video has been

4    available on YouTube since March 4, 2011. Joint Report at 1-2; *see* Overhauser Decl., Dkt. No.

5    420 ¶¶ 4-5.

6    Only a portion of the video contained in ATO1033 appears on YouTube. *Compare* Dkt.

7    No. 375-2 *with* Pepperball Takedown, YouTube (Mar. 4, 2011),

8    https://www.youtube.com/watch?v=bRukUtuIyFo. Nevertheless, a review of ATO1033 shows

9    that the video does not include any proprietary or otherwise sensitive information about

10   PepperBall projectiles or launchers. Rather, the video compiles "scenario training"; an interview

11   with Devon Bell, Undersheriff with the Placer County Sheriff's Office, which provides links to

12   public websites "to view complete video"; and clips from television news reports. UTS offers no

13   basis to seal information that is publicly available elsewhere and thus fails to articulate compelling

14   reasons to seal this video.

15   The Court therefore DENIES the Motion to Seal ATO1033, Dkt. No. 375-2.

16               b.     *Dkt. No. 375-3 (ATO1028)*

17   UTS argues "Plaintiff faces significant prejudice if [ATO1028 is] not filed under seal; its

18   training materials are proprietary and provided only to customers of Plaintiff." Joint Report at 3.

19   Real Action opposes sealing this document because (1) UTS' training services are not proprietary,

20   as anyone can sign up for them, and (2) UTS does not claim their customers are required to keep

21   information about their training confidential. *Id.* at 3-4.

22   UTS fails to articulate compelling reasons to seal ATO1028. The video does not contain

23   any proprietary information about PepperBalls, nor does it contain information that is exclusively

24   provided to Plaintiff's customers. It also does not discuss the "design, construction, [or]

25   composition" of PepperBalls. To the extent it concerns the functionality or use of PepperBalls, it

26   does so generally and in no more specific terms than in publicly-filed pleadings in this action.

27   *See, e.g.*, Pl.'s Mot. for Summ. J., Dkt. No. 379 at 1 ("Live PepperBall® projectiles are small

28   plastic spheres that contain a proprietary irritant powder that functions similar to pepper spray.

United Tactical and its predecessors have sold PepperBall projectiles to thousands of police and governmental agencies, militaries, and private security firms as a non-lethal force compliance tool." (footnotes omitted)).

Accordingly, the Court DENIES the Motion to Seal ATO1028, Dkt. No. 375-3.

        c.     *Dkt. No. 375-4 (ATO1030)*

UTS offers the same reasons for sealing ATO1030 as they do for ATO1028. *See* Joint Report at 4-5. Real Action also opposes sealing for the same reasons. *See id.*

Although ATO1030 discusses the composition of PepperBalls, it does so generally without revealing any proprietary information or trade secrets. The Court therefore DENIES the Motion to Seal ATO1030, Dkt. No. 375-4.

    2.    <u>Dkt. Nos. 375-5 and 375-6</u>

ATO1261 is a slide from an "ATO Reduction Fitting Comparison PowerPoint Presentation."[3] *See* Dkt. No. 375-5. ATO1501 consists of an excerpt of an ATO PepperBall Training Presentation. *See* Dkt. No. 375-6. Gibson declares these are "internal training documents that contain confidential, proprietary, and competitively sensitive product specifications." Gibson Decl. ¶ 3; *see* 375 Glaspy Decl. ¶ 4 ("[T]hese training documents include proprietary information regarding the design, construction, composition, functionality, and operation of PepperBall projectiles and launchers."). Glaspy explains that "documents ATO1[50]1 and ATO1261 contain diagrams or representation as to specific component parts used in the PepperBall launcher systems." 375 Glaspy Decl. ¶ 4; *see* Joint Report at 7-8 ("[T]his document contains diagrams or representation as to specific component parts used in the PepperBall launcher systems."). UTS requests the Court seal both ATO 1261 and 1501 in their entirety. Joint Report at 7-8. Gibson declares that "United Tactical would be significantly damaged if such confidential, proprietary information were made available to the public and its competitors." Gibson Decl. ¶ 3; *see* 375 Glaspy Decl. ¶ 6 (same).

---

[3] In the Joint Report, UTS describes this document as a video. Joint Report at 6. This document does not contain a video. *See* Dkt. No. 375-5.

5

Real Action opposes sealing ATO1261 on the ground UTS fails to explain what is confidential about "fittings." Joint Report at 7. It opposes sealing ATO1501 on the ground that UTS fails to show the information contained therein is confidential. *Id.* at 8-9.

UTS fails to articulate compelling reasons to seal either document. As to ATO1261, not every component of the slide is sealable. For instance, the Court sees no reason why it should order sealed the words "PepperBall" or "paintball" or the URL for the publicly available PepperBall website. As such, UTS' request is not narrowly tailored. *See* Civ. L.R. 79-5(b) ("The request must be narrowly tailored to seek sealing only of sealable material[.]"). To the extent, the slide discusses product specifications, it does so only in general terms.

As to ATO1501, while some slides provide information about PepperBall launchers, they do not reveal any proprietary or "competitively sensitive product specifications." To the extent this document identifies product specifications, UTS provides no reason to find information such as a PepperBall launcher's weight or length is competitively sensitive. UTS also fails to show compelling reasons to seal the names of a PepperBall launcher's parts; ATO1501 does not describe how they are made or how they work, only nomenclature. Moreover, one slide refers to "Graham v. Connor" and "Deorle v. Rutherford." UTS offers no justification to seal the names of public court opinions that are almost twenty years old. *See Graham v. Connor*, 490 U.S. 386 (1989); *Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir. 2001).

Moreover, UTS' contention that Plaintiff would be harmed if either ATO1261 and ATO1501 are made available to the public is belied by the fact that Plaintiff provides these slides to their customers. Joint Report at 6, 8 (Plaintiff's "training materials are proprietary and provided only to customers of Plaintiff."). UTS offers no basis to find their customers are obligated to keep this information confidential or are not members of the public.

The Court therefore DENIES the Motion to seal ATO1261 (Dkt. No. 375-5) and ATO1501 (Dkt. No. 375-6).

3. <u>Summary</u>

The Court DENIES the 375 Motion to Seal.

**B. Dkt. No. 404**

UTS moves to file under seal four documents: (1) the May 8, 2013 Confidential Settlement Agreement between ATO and Conrad Sun (Dkt. No. 404-10); (2) the Memorandum of Points and Authorities in support of Counter-Defendants' Motion for Partial Summary Judgment (Dkt. No. 380); (3) the Separate Statement of Undisputed Facts (Dkt. No. 380-1); and (4) portions of the March 1, 2017 deposition of Gary Gibson (Dkt. No. 382). 404 Mot., Dkt. No. 404.

1. <u>Dkt. No. 404-10</u>

UTS seeks to seal the following portions of the May 8, 2013 Confidential Settlement Agreement: (1) the dollar amounts listed in paragraph 1, page 4; (2) the time period described in paragraph 2, page 4; (3) the dollar amount of the payment described at the end of paragraph 5; (4) the dollar amount listed in paragraph 3, page 5; (5) the bank and bank account information in paragraph 3, page 6; (6) the time period described in paragraph 5, page 6; (7) the dollar amounts described in the final two sentences of paragraph 8(d), page 9; (8) the names of guarantors in paragraph 9, page 9; and (9) the percentage of the indemnity provided for in paragraph 12, page 11. 404 Mot. at 1-2; Joint Report at 9-11; *see* Dkt. No. 404-10 (proposed redactions).

Glaspy and Gibson declare the Settlement Agreement contains "specific confidential, trade secret, and competitively sensitive material[.]" 404 Glaspy Decl. ¶ 4, Dkt. No. 404-1; Gibson Decl. ¶ 4. Glaspy declares further "[t]he Confidential Settlement Agreement entered into between Advanced Tactical and Conrad Sun on May 8, 2013, is, by its own terms, designated as a confidential document by Advanced Tactical and third-party Conrad Sun." 404 Glaspy Decl. ¶ 3; *see* Gibson Decl. ¶ 4. The Court previously rejected this argument, finding the fact "[t]hat the Settlement Agreement 'by its own terms' is designated confidential does not relieve Plaintiff and Counter-Defendants of their burden to show compelling reasons to seal the document." *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 2017 WL 1881157, at *2 (N.D. Cal. May 9, 2017).

Glaspy and Gibson also declare

> United Tactical anticipates that it may eventually have other disputes with third parties regarding its trademark and trade dress rights, and the public disclosure of the financial structure of the

7

> Confidential Settlement Agreement with Sun would put it at a significant disadvantage in attempting to resolve any such disputes as the Sun agreement would, essentially, set a floor for any deal a future party would be willing to agree to.

404 Glaspy Decl. ¶ 4; Gibson Decl. ¶ 4. The Court previously rejected this argument as well:

> That public disclosure of the terms of the Settlement Agreement could disadvantage Plaintiff and Counter-Defendants in future litigation is not, on its own, a reason to justify sealing the Agreement in its entirety. This is not the type of harm that warrants protection. *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); *Foltz*, 331 F.3d at 1137 ("This disclosure might harm [the movant] by exposing it to additional liability and litigation . . . , but a litigant is not entitled to the court's protection from this type of harm.").

*United Tactical Sys.*, 2017 WL 1881157, at *2. UTS offers no new argument that would cause the undersigned to revisit this finding.

UTS fails to explain why dollar figures, time periods, and the names of guarantors are trade secrets or proprietary information. *See* Civ. L.R. 79-5. UTS may redact the bank account number in paragraph 3, page 6. *See* Fed. R. Civ. P. 5.2(a). The Motion to Seal Docket 404-10 is otherwise DENIED.

    2. <u>Dkt. Nos. 404-4, 404-6, 404-8</u>

UTS moves to seal the parts of its Motion for Partial Summary Judgment, its Statement of Undisputed Facts, and the Gibson deposition that discuss the aforementioned portions of the Settlement Agreement. Dkt. No. 404-4 (Mot. for Summ. J.); 404-6 (Statement of Undisputed Facts); Dkt. No. 404-8 (Gibson Dep.). Because the Court denies in part the Motion to Seal the Settlement Agreement, it also DENIES the Motion to Seal insofar as these additional documents discuss the dollar amounts, time period, bank address and routing number, and guarantors.

    3. <u>Summary</u>

The Court DENIES IN PART and GRANTS IN PART the 404 Motion to Seal.

**C.**   **Dkt. No. 408**

Real Action filed this Motion to Seal documents UTS designated as confidential. *See* 408 Mot., Dkt. No. 408. The Court already found UTS failed to demonstrate a compelling reason for sealing several of the documents at issue in the 408 Motion. *See supra* at 3-6 (addressing

1    ATO1028, ATO1030, ATO1033, ATO1261, and ATO1501).  Accordingly, the Court only

2    considers RAP4 15998, an expert report dated May 5, 2017 by David Grisham.  *See* Grisham

3    Report, Dkt. No. 408-6.

4        UTS requests to seal the following portions of the RAP4 15998, the Grisham Report: (1)

5    the portion of United Tactical's sales spreadsheet relating to Pava 2.5x product on page 2; (2) the

6    first paragraph of page 3 regarding Advanced Tactical's gross margins and sales figures for 2013;

7    (3) the answer to question 4 on page 5 regarding Advanced Tactical and United Tactical's sales

8    figures; (4) the answer to question 5 presented on page 6 of the Grisham Report regarding United

9    Tactical's sales; (5) answers to questions 6-10 on pages 6 and 7 regarding Advanced Tactical's

10   and United Tactical's profits; (6) the answer to question 13 on page 8 regarding sales made by

11   Advanced Tactical and United Tactical; (7) the answer to question 14 on pages 9 and 10 regarding

12   Advanced Tactical's financial statements; (8) the answer to question 16 regarding the profit

13   margins realized by Advanced Tactical; (9) the answer to question 18 on pages 11 and 12

14   regarding Advanced Tactical and United Tactical's customers.  Joint Report at 24-28.

15       The Grisham Report discusses "United Tactical's confidential financial data, including

16   excerpts of its trade secret customer list and sensitive information relating to its sales to customers,

17   unit cost, and profitability."  408 Glaspy Decl. ¶ 7, Dkt. No. 418; *see* Gibson Decl. ¶ 5.  Glaspy

18   asserts "United Tactical's customer list is highly confidential and was generated at great expense

19   to United Tactical[; this information] was worth millions of dollars due to the work that went into

20   producing it."  408 Glaspy Decl. ¶ 7; *see* Gibson Decl. ¶ 5.  Moreover, "United Tactical's

21   confidential financial information and pricing information is similarly incredibly valuable and

22   highly protected trade secret" such that public disclosure of this information would allow

23   competitors insight into "United Tactical's business operations, strategy, unit cost, and

24   profitability that could be exploited to United Tactical's detriment in the market."  408 Glaspy

25   Decl. ¶ 7; *see* Gibson Decl. ¶ 5.

26       Real Action opposes sealing on grounds that the financial information is "directly

27   relevant" to the summary judgment motion.  Joint Report at 25.  Real Action further argues the

28   answer to question 18, which concerns ATO and United Tactical's customers cannot be

considered confidential, as this answer "merely discusses the number of customers" and not their identities. *Id.* Real Action contends this information is publicly available on UTS' own website. *Id.* (citing Dkt. Nos. 409-69, 409-70).

UTS sets forth compelling reasons to seal the financial information contained and discussed in the Grisham Report. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying compelling reasons standard to seal "detailed product-specific financial information" and "profit, cost, and margin data, [which] could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components."); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) ("A 'trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" (quoting Restatement of Torts § 757 cmt. b)). Real Action offers no basis to find that UTS' financial information should be made public simply because it is "directly relevant" to the motion for summary judgment.

However, UTS does not provide compelling reasons to seal the answers to question 18 on pages 11 and 12. These answers do not identify UTS' customers by name or otherwise provide identifying information; rather, they only provide the cumulative number of customers during certain time periods. That United Tactical compiled this list "at great expense" does not provide a basis for sealing.[4]

The Court therefore GRANTS IN PART and DENIES IN PART the 425 Motion to seal the Grisham Report. UTS may redact financial information contained therein, but it may not redact the answers to question 18.

The Court DENIES the Motion as to ATO1028, ATO1030, ATO1033, ATO1261, and ATO1501.

---

[4] Real Action's assertion that this figures appear on UTS' website is misleading. At most, Dkt. Nos. 409-69 and 409-70 refer to "5000 agencies." This is not the same information discussed in the answer to question 18. *Compare* Dkt. Nos. 409-69, 409-70 *with* 408-6 at 11-12.

**D.     Dkt. No. 413**

UTS moves to file under seal the Settlement Agreement (Dkt. No. 413-6) and portions of the July 25, 2016 deposition of Gary Gibson (Dkt. No. 413-3; *see* Dkt. No. 409-37). 413 Mot., Dkt. No. 413. The Court has already addressed the Settlement Agreement; it need not do so again here. As the Court found that not all portions of the Settlement Agreement are entitled to sealing, the Court DENIES the 413 Motion as to the Gibson Deposition, as the portions sought to be redacted contain information about the Settlement Agreement the Court has found is not sealable.

The Court therefore DENIES the 413 Motion as it relates to the Settlement Agreement (Dkt. No. 413-6) and DENIES the Motion as it relates to the July 25, 2016 Gibson deposition (Dkt. No. 416-3).

**E.     Dkt. No. 419**

UTS moves to seal portions of the June 7, 2016 deposition of Conrad Sun, which it contends Real Action improperly filed in the public docket. 419 Mot. at 1-2, Dkt. No. 419, 419-5, 415-7. UTS also request the Court seal the Guaranty between Conrad Sun and entities that held an ownership interest in ATO. 419 Mot. at 1; *see* Dkt. No. 419-9.

UTS seeks to seal portions of the two Sun depositions which discuss the terms of the Settlement Agreement. The Court has already held that not all of the proposed redactions of the Settlement Agreement contain sealable information. The Court therefore DENIES the Motion as to the Sun depositions insofar as they pertain to information other than the bank account number.

With regard to the Guaranty, UTS moves to seal the names of the guarantors contained therein. Joint Report at 37. Although Glaspy declares the identities of the guarantors are "confidential, trade secret, and competitively sensitive," he does not explain why this is so. 419 Glaspy Decl. ¶ 8. Rather, Glaspy avers

> it may eventually have other disputes with third parties regarding its trademark and trade dress rights, and the public disclosure of the specific financial structure of the Confidential Settlement Agreement and Guaranty with Sun would put Plaintiff at a significant disadvantage in attempting to resolve any such disputes as the Sun agreement would, essentially, set a floor for any deal a future party would be willing to agree to.

*Id.* Glaspy declares this constitutes a compelling reason for sealing. *Id.*

11

As discussed above, it does not. *See also Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's . . . exposure to further litigation will not, without more, compel the court to seal its records."); *Foltz*, 331 F.3d at 1137 ("This disclosure might harm [the movant] by exposing it to additional liability and litigation . . . , but a litigant is not entitled to the court's protection from this type of harm."). As such, the Court DENIES the request to seal the Guaranty.

**F.     Dkt. No. 425**

Although it designated these documents confidential, UTS does not seek to seal these documents (Dkt. Nos. 425-5, 425-6, 425-7) under seal. Joint Report at 39-40. Accordingly, the Court DENIES the Motion.

**G.     Dkt. No. 429**

UTS moves to file under seal seven documents: (1) the Settlement Agreement; (2) portions of the deposition transcript of Advanced Tactical concerning the Confidential Settlement Agreement with Sun; (3) the expert report of Eric Matolo, Ph.D; (4) the rebuttal expert report of Dr. Matolo, Ph.D; (5) e-mail correspondence from K.T. Tran to Conrad Sun dated April 23, 2012, designated as confidential by Real Action; (6) e-mail correspondence from K.T. Tran to Conrad Sun dated April 23, 2012, designated as confidential by Real Action; and (7) portions of the deposition transcript of Real Action. 429 Mot. at 1-2, Dkt. No. 429.

As an initial matter, the Court DENIES the Motion as to the Settlement Agreement (Dkt. No. 429-7) for the reasons set forth above. The Court also DENIES the Motion as to the April 23, 2012 email correspondence (Dkt. Nos. 429-11, 429-12) and the Real Action deposition (Dkt. No. 429-3), which Real Action concedes are "not confidential, [and] should be unsealed." Joint Report at 48-50. The Court considers the remaining documents below.

     1.     Dkt. No. 429-5

UTS requests the Court seal portions of the Advanced Tactical deposition which concern the Settlement Agreement. 429 Mot. at 1. As the Court has found these portions of the Settlement Agreement are not sealable, the Court DENIES the 429 Motion as to the Advanced Tactical deposition.

12

### 2. Dkt. Nos. 429-9 and 429-13

UTS moves to seal the portions of the Matolo Report and Rebuttal Matolo Report which discuss UTS' confidential financial and pricing information. 429 Mot. at 1-2, Dkt. No. 429; 429 Glaspy Decl. ¶ 4, Dkt. No. 429-1; Gibson Decl. ¶ 5; *see* Matolo Report, Dkt. No. 429-9; Rebuttal Matolo Report, Dkt. No. 429-13. Detailed financial information is subject to sealing. *See supra; see also Apple*, 727 F.3d at 1225; *In re Elec. Arts*, 298 F. App'x at 569. The Court accordingly GRANTS the Motion as to the Rebuttal Matolo Report and GRANTS IN PART the Motion as to the Matolo Report. However, the portion on page 6 of the Matolo Report, between "roughly a" and "market annually" shall be unredacted, as this information does not pertain specifically to United Tactical.

### 3. Summary

The Court DENIES the Motion as to Dkt. Nos. 429-3, 429-7, 429-11, and 429-12; GRANTS IN PART the Motion as to Dkt. No. 429-9; and GRANTS the Motion as to Dkt. No. 429-13.

## CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Dkt. No. 375 is DENIED.
2. Dkt. No. 404 is GRANTED IN PART and DENIED IN PART.
3. Dkt. No. 408 is DENIED as to ATO1028, ATO1030, ATO1033, ATO1261, and ATO1501 and GRANTED IN PART as to the Grisham Report (RAP4 15998).
4. Dkt. No. 413 is DENIED.
5. Dkt. No. 419 is DENIED.
6. Dkt. No. 425 is DENIED.
7. Dkt. No. 429 is DENIED as to Dkt. Nos. 429-3, 429-5, 429-7, 429-11, 429-12; GRANTED IN PART as to Dkt. No. 429-9; and GRANTED as to Dkt. No. 429-13.

No later than November 3, 2017, the parties shall refile the documents in the public docket in accordance with this Order.

**IT IS SO ORDERED.**

Dated: October 27, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge